IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAULA LABAUVE LAMBETH** § | | **PLAINTIFF** |
| § | | |
| **v.** § | | **Civil No. 1:23-cv-165-HSO-BWR** |
| § | | |
| § | | |
| **PENNYMAC FINANCIAL** § | | |
| **SERVICES, INC. ET AL.** § | | **DEFENDANTS** |

**ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE
UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

This matter is before the Court sua sponte pursuant to Federal Rule of Civil Procedure 4(m) given Plaintiff Paula Labauve Lambeth's ("Plaintiff") failure to timely serve Defendants PennyMac Financial Services, Inc., Dean Morris LLC, and R&D Development LLC (collectively, "Defendants") with process.  For the reasons that follow, the Court will dismiss Plaintiff's claims against Defendants without prejudice.

I. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure." *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017).

Plaintiff filed her Complaint [1] on July 9, 2023.  Compl. [1].  On October 10, 2023, because more than 90 days had passed and no summons had been issued nor proof of service filed for any of Defendants, the Court sua sponte entered an Order [2] under Rule 4(m) requiring Plaintiff to properly serve Defendants in the manner required by Rule 4 and file proof of proper service with the Clerk of Court, all by October 31, 2023.  Order [2] at 1.  The Court warned that, "[o]therwise, the claims against Defendants may be dismissed without prejudice and without further notice to Plaintiff."  *Id.*

Plaintiff, who is represented by counsel, caused summonses to issue for Defendants on October 10, 2023, *see* Doc. [3], but Plaintiff has not filed any proofs of service or otherwise responded to the Court's Order [2].   Nor has Plaintiff requested additional time to serve Defendants.

The Complaint [1] was filed 148 days ago.  Compl. [1].  Plaintiff has failed to serve Defendants either within the time provided in Rule 4(m) or within the additional time afforded by the Court for service, and Plaintiff has not shown good cause for her failure.  *See* Fed. R. Civ. P. 4(m); Order [2].  In accordance with Rule 4(m), the Court will dismiss Plaintiff's claims without prejudice.  *See* Fed. R. Civ. P. 4(m); *Lewis*, 870 F.3d at 369.

II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Paula Labauve Lambeth's claims against Defendants PennyMac Financial Services, Inc., Dean Morris LLC, and R&D Development LLC are **DISMISSED WITHOUT**

**PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).  The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 4th day of December, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE